David S. Douglas (DD-6250)
GALLET DREYER & BERKEY, LLP
845 Third Avenue, 8th Floor
New York, New York 10022
(212) 935-3131
Attorneys for Defendant Oxygen Unlimited, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

VALLEY NATIONAL BANK, as successor to
THE PARK AVENUE BANK,

                          Plaintiff,

              -against-

OXYGEN UNLIMITED, LLC and
THOMAS BEAN,

                          Defendants.
-------------------------------------------------------------------x

10 Civ. 5815 (GBD)

**ANSWER OF
DEFENDANT
OXYGEN
UNLIMITED, LLC**

Defendant Oxygen Unlimited, LLC ("Oxygen"), by its attorneys, Gallet Dreyer &

Berkey, LLP, answers the allegations in the affidavit that plaintiff submitted as the claimed

foundation for plaintiff's commencement of this action in state court, which affidavit

should be deemed plaintiff's pleading in this now-removed action, as follows:

1.     Denies having knowledge or information sufficient to form a belief as to the
truth of the allegations in Paragraph 1.

2.     The allegations contained in Paragraph 2 are denied.

3.     Upon information and belief the allegations contained in Paragraph 3 are
admitted.

4.     Denies having knowledge or information sufficient to form a belief as to the
truth of the allegations in Paragraph 4.

5.    The allegations contained in Paragraph 5 are denied.

6.    With respect to Paragraph 6, avers that it refers to a writing, which is the best evidence of its contents.

7.    With respect to Paragraph 7, avers that it refers to a writing, which is the best evidence of its contents.

8.    With respect to Paragraph 8, avers that it refers to a writing, which is the best evidence of its contents.

9.    With respect to Paragraph 9, avers that it refers to a writing, which is the best evidence of its contents.

10.    With respect to Paragraph 10, avers that it refers to a writing, which is the best evidence of its contents.

11.    With respect to Paragraph 11, avers that it refers to a writing, which is the best evidence of its contents.

12.    With respect to Paragraph 12, avers that it refers to a writing, which is the best evidence of its contents.

13.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13.

14.    With respect to Paragraph 14, avers that it refers to a writing, which is the best evidence of its contents.

15.    With respect to Paragraph 15, avers that it refers to a writing, which is the best evidence of its contents.

16.    With respect to Paragraph 16, avers that it refers to a writing, which is the best evidence of its contents.

17.    With respect to Paragraph 17, avers that it refers to a writing, which is the best evidence of its contents.

18.    With respect to Paragraph 18, avers that it refers to a writing, which is the best evidence of its contents.

19.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20.    The allegations contained in Paragraph 20 are denied.

21.    Denies having knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22.    The allegations contained in Paragraph 22 are denied.

23.    The allegations contained in Paragraph 23 are denied.

FIRST AFFIRMATIVE DEFENSE

24.    The action fails to state a cause of action or plead a prima facie case.

SECOND AFFIRMATIVE DEFENSE

25.    Plaintiff has not come forward with proof that it is the owner and holder of the note and therefore does not have standing to commence this action.

THIRD AFFIRMATIVE DEFENSE

26.    The Court lacks subject matter jurisdiction over this action because there is not a justiciable controversy between the parties.

## FOURTH AFFIRMATIVE DEFENSE

27.    The action is barred in whole or in part by the doctrines of waiver, estoppel, laches, and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

28.    Plaintiff has not properly demanded the debt alleged due and has not properly given written notice or made an election to accelerate the same.

## SIXTH AFFIRMATIVE DEFENSE

29.    Plaintiff has failed to provide such notice as is required under the note as a necessary precondition to the commencement of any proceedings.

## SEVENTH AFFIRMATIVE DEFENSE

30.    Oxygen did not sign the note and there is thus no valid ground for any liability on the part of Oxygen.

## EIGHTH AFFIRMATIVE DEFENSE

31.    Plaintiff's predecessor fraudulently induced Oxygen to enter into certain business relationships with plaintiff's predecessor, including business relationships connected with the subject matter that underlies this action.

WHEREFORE, defendant Oxygen respectfully request that the Court enter judgment dismissing this action in its entirety; awarding to Oxygen its costs and expenses in this action, including attorneys' fees; and granting to Oxygen such other and further relief as the Court deems just and proper.

4

Dated: New York, New York
      August 9, 2010

GALLET DREYER & BERKEY, LLP

By: _____
     David S. Douglas (DD-6250)

845 Third Avenue, 8th Floor
New York, New York 10022
(212) 935-3131

Attorneys for Defendant
Oxygen Unlimited, LLC

00267348.DOC

5

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                                           : ss.:
COUNTY OF NEW YORK   )

      **Janet Vazquez**, being sworn, deposes and says:

      1.     That I am not a party to the within action; am over 18 years of age and is employed by Gallet Dreyer & Berkey, LLP, located at 845 Third Avenue, New York, New York 10022.

      2.     That on August 9, 2010, I served a copy of the within **Answer of Defendant Oxygen Unlimited, LLC** upon the following:

           Jerold C. Feuerstein, Esq.
           Kriss & Feuerstein LLP
           360 Lexington Avenue, Suite 1200
           New York, New York 10017

**Via Ordinary Mail** by depositing same in sealed, postpaid, properly addressed envelope in an official depository of the United States Post Office, in the Borough of Manhattan, City and State of New York, for processing under the exclusive care and custody of the United States Postal Service within the City and State of New York.

                                Janet Vazquez

Sworn to before me this
9rd day of August, 2010

         Notary Public

           DAVID S. DOUGLAS
        Notary Public, State of New York
           No. 02DO6001549
        Qualified in Westchester County
      Commission Expires 01/20/20 14

{00267445.DOC;1}